# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KELVIN A. CANADA,** ) | |
| Plaintiff ) | Civil Action No.: 7:11cv00569 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **WALTER DAVIS, et al.,** ) | By: Pamela Meade Sargent |
| Defendants ) | United States Magistrate Judge |

The pro se plaintiff, Kelvin A. Canada, is a Virginia Department of Corrections, ("VDOC"), inmate currently housed at Red Onion State Prison, ("ROSP"). This case is before the court on the plaintiff's Motion for Preliminary Injunction, (Docket Item No. 51), ("Motion"), seeking various injunctive relief. The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

## *I. Facts*

Canada brings this civil rights action against four VDOC officers[1], Officer Walter Davis, Sgt. William Wright, Sgt. Paul Payne and Capt. Dewayne Turner, alleging that he was injured when the officers used excessive force on him or failed

---

[1] By Report And Recommendation entered September 24, 2012, the undersigned recommended that other defendants and claims be dismissed from this case. While that report has not been formally adopted, no objections were timely filed. Pursuant to the report, the claims against these four officers are the only claims remaining before the court.

-1-

to protect him while attempting to place him in ambulatory restraints on September 3, 2011. In the Motion, Canada seeks injunctive relief ordering the following:

1. Canada be transferred to Sussex I State Prison, ("Sussex I"), to continue physical therapy treatment to his shoulder;
2. Canada be transferred to Green Rock Prison after completion of his physical therapy at Sussex I;
3. No officers from ROSP, Keen Mountain State Prison, ("Keen Mountain"), or Wallens Ridge State Prison, ("Wallens Ridge"), transport him to court for his December 6, 2012, bench trial; and
4. Canada never be transferred again to ROSP, Keen Mountain or Wallens Ridge.

Canada also requests an ex parte hearing outside the presence of the defendants on the Motion.

## II. Analysis

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the

likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is granted; (3) the movant's likelihood of succeeding on the merits of the action; and (4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D.Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 812).

Based on the information currently before the court, I find that Canada has failed to establish that the entry of a preliminary injunction is appropriate. Canada has failed to demonstrate any likelihood of success on the relief requested. To be specific, Canada has not demonstrated that the four defendants remaining in this case, Davis, Wright, Payne and Turner, can provide the relief requested. There is no evidence before the court showing that any of these officers has the authority to order Canada transferred to another prison. Also, there is no evidence that any of these officers has the authority to control which officers will accompany Canada to court for his bench trial. For these reasons, I also deny Canada's request to present oral argument on the Motion.

### PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Canada has failed to demonstrate any likelihood of success on the relief requested; and
2. Canada has failed to demonstrate that the entry of a preliminary injunction is appropriate.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 23rd day of October, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE