# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **KELVIN A. CANADA,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:11cv00569 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **WALTER DAVIS, et al.,** | ) | By: PAMELA MEADE SARGENT |
| Defendants. | ) | United States Magistrate Judge |

Plaintiff, Kelvin A. Canada, an inmate incarcerated at Red Onion State Prison, ("ROSP") in Pound, Virginia, filed this action pro se for monetary damages under 42 U.S.C. § 1983. This case is before the undersigned magistrate judge on referral, pursuant to 28 U.S.C. § 636(b)(1)(B). The case is currently before the court on Canada's motion for injunctive relief, (Docket Item No. 85) ("Motion"). For the reasons set out below, I recommend the court deny the Motion.

Canada's original complaint sought monetary damages, as well as declaratory and injunctive relief, for injuries he claimed he sustained at ROSP on September 3, 2011, based on the use of excessive force against him and subsequent deliberate indifference to his medical needs. In particular, Canada claimed that he suffered a right shoulder separation when he was taken to the floor by correctional officers as he was being placed in ambulatory restraints. By Order entered October 31, 2012, the court granted judgment in favor of the healthcare defendants, Dr. Timothy McBride, Nurse Vicki Phipps and Nurse Melanie Scott, and dismissed Canada's claims against them. Canada's remaining claims against the correctional

officer defendants were tried before the undersigned on December 6, 2012. On January 4, 2013, the undersigned entered a Report And Recommendation finding that excessive force was not used and recommending that judgment be entered in favor of these defendants.

Through his Motion, Canada now seeks to assert a new claim of deliberate indifference against Nurse Phipps and Dr. Miller. Canada alleges that, in October 2012, he was transferred from Sussex I State Prison, ("Sussex I"), back to ROSP for his court trial. Canada alleges that, while at Sussex I, he had undergone surgery and post-surgery rehabilitation on his right shoulder. Canada alleges that he had further medical testing and treatment ordered for his right shoulder before he was transferred from Sussex I and, since his arrival at ROSP, this testing and treatment has not been performed. Canada asks the court to enter a "preventative" injunction ordering Phipps and Dr. Miller to transfer Canada back to Sussex I to continue his post-surgery rehabilitation and treatment.

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is

granted; (3) the movant's likelihood of succeeding on the merits of the action; and (4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D.Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 812).

Based on the information currently before the court, I find that Canada has failed to establish that the entry of a preliminary injunction is appropriate. In particular, Canada has failed to demonstrate any likelihood of success on the relief requested. To be specific, Canada seeks entry of a court order against two individuals who are not parties to this action. Nurse Phipps was dismissed earlier as a party to this action, and Dr. Miller has never been named as a party defendant. Furthermore, even if these two individuals were parties to this action, there is no evidence before the court showing that either of them has the authority to order Canada transferred to another prison. For these reasons, I recommend the court deny the Motion.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Canada has failed to demonstrate any likelihood of success on the relief requested; and
2. Canada has failed to demonstrate that the entry of a preliminary injunction is appropriate.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 8th day of January, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE